UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
Kevin Marrero

                    Plaintiff,                    **FIRST AMENDED COMPLAINT**
                                                          **AND JURY DEMAND**

                  -against-                          14 CV 1696 (PKC)(JO)

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICERS Benjamin Soto Shield 10029,
Sean Hughes Shield 15710, Jwann Layton Shield 3917, John Siokas
Shield 19881, POLICE OFFICERS JOHN DOE # 1 through
approximately # 5, the names being fictitious and presently
unknown, in their individual and official capacities as employees
of the City of New York Police Department
                                        Defendants.
--------------------------------------------------------------------------------X

        The Plaintiff, Kevin Marrero, by his attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

        1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officer Soto and Police Officers John Doe # 1-5, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

        2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

### VENUE

        3.    Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and because Defendant Officers are or were at the time of the incident assigned to Precincts in Kings County, New York, within the confines of the Eastern District of New York.

### PARTIES

        4.    Plaintiff at all times relevant hereto resided in the City and State of New York.

        5.    At all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

        6.    THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officer Soto and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. At the time of the incident Plaintiff was a 30-year-old American citizen and father of one child.

12. On March 29, 2011, at approximately Mr. Marrero received a phone call from an individual he knew from the neighborhood.

13. The individual asked Mr. Marrero to walk to 325 Roebling Street, Brooklyn, NY to help him fix a car.

14. At approximately 1:30pm, as Mr. Marrero got to the location, he saw said individual in a vehicle and approached and walked to the front of said vehicle and began to look under the hood.

15. Several uniformed members of the NYPD then rushed Mr. Marrero and placed him under arrest, handcuffing him behind his back. The police then searched Mr. Marrero and did not find any contraband. The police then placed Mr. Marrero in the back of a police van.

16. Mr. Marrero did not own said vehicle.

17. Mr. Marrero did not make any statements to the police, except to ask why he was being arrested and to tell them he wasn't doing anything wrong.

18. Mr. Marrero and the other individual were then taken to the 90 Precinct in Brooklyn.

19. At the 90 Precinct, Mr. Marrero observed the police have several conversations with the other individual, allow said individual to make phone calls and smoke cigarettes, and then observed that the police let said individual go.

20. Mr. Marrero was denied food, drink, and phone calls at the 90 Precinct.

21. On March 30, 2011 Mr. Marrero was transported to Central Booking in Brooklyn.

22. On March 31, 2011, at approximately 12:30 am, Mr. Marrero was arraigned on Weapons Charges in Kings County Criminal Court. Defense counsel asked that Mr. Marrero be released on his own recognizance, but the District Attorney requested bail, which was set.

23. Mr. Marrero was then transported to Riker's Island.

24. On April 1, 2011, the Kings County District Attorney dismissed all charges against Mr. Marrero in Kings County Criminal Court Part AP1.

25. Nonetheless, Mr. Marrero remained incarcerated until approximately April 2, 2011 for no legitimate reason whatsoever.

26. While in custody at the 90 Precinct, the police took Mr. Marrero's brand new leather jacket valued at approximately $350, which was vouchered but never returned.

27. While in custody at the 90 Precinct, the police took Mr. Marrero's brand new brand new Nike sneakers valued at approximately $160, which were vouchered but never returned.

28. While in custody at the 90 Precinct, the police took Mr. Marrero's brand new brand new Ecco hoodie sweatshirt valued at approximately $100, which was vouchered but never returned.

29. Mr. Marrero was falsely incarcerated for approximately over four days, and his property stolen or lost.

30. Mr. Marrero's arrest, prosecution, and incarceration were committed without legal process and without probable cause.

31. Defendants acted maliciously and intentionally, and are examples of gross misconduct.

32. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Mr. Marrero suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

### FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

33. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

34. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

35. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

36. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

### SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

37. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

38. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

39. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

40. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

41. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

42. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

43. Defendants subjected plaintiff to false arrest and false imprisonment.

44. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

45. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

46. Plaintiff was subjected to false arrest, imprisonment and deprivation of liberty with probable cause.

47. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

48. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

49. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

50. Plaintiff was subjected to false arrest, imprisonment and deprivation of liberty with probable cause.

51. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

52. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
(ASSAULT)

53. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

54. That the Court has pendant jurisdiction of this claim.

55. That as a result of the foregoing, the defendant plaintiff was intentionally put in fear and fright of imminent physical harm.

56. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($ 1,000,000.00) Dollars.

## SIX CAUSE OF ACTION
(BATTERY)

57. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

58. Plaintiff was battered by defendants.

59. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

60. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

61. Defendants caused a false accusatory instrument to be filed against plaintiff.

62. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

63. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

64. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

## EIGHTH CAUSE OF ACTION
(Conditions of Confinement/Deliberate Indifference to Medical needs)

65. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

66. Plaintiff was denied food and water at the precinct.

67. Plaintiff suffered from the lack of food and water and defendants did not care about his welfare.

68. Upon information and belief, this is an ongoing practice within the confines of the precinct to deny food and water to individuals who are arrested for a serious crime.

69. After the arrest, plaintiff suffered pain.

70. Defendants knew about plaintiff's condition but failed to take corrective actions to accommodate him.

71. As a result of defendants' conduct, plaintiff suffered injuries.

## NINTH CAUSE OF ACUTION
(DENIAL OF A FAIR TRIAL)

72. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

73. Defendant's misrepresentations about Plaintiff to prosecutors deprived Plaintiff of liberty because he was required to appear in court after the misrepresentations were made.

74. Accordingly, defendants are liable to Plaintiff under the Sixth Amendment for denying him a fair trial.

85. As a result, plaintiff suffered the injuries as set forth within this complaint.

## TENTH CAUSE OF ACTION
(Cruel and Unusual Punishment)

86. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

89. Plaintiff was denied adequate medical attention and his condition worsened, including the time-frames of his custody at the precinct as well as Riker's Island.

90. As a result of defendants' conduct, plaintiff unnecessarily suffered cruel and unusual punishment.

## ELEVENTH CAUSE OF ACTION
(Negligence)

91. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

92. Defendants' owed a duty to plaintiff who was a prisoner in the custody and care of defendants.

93. Defendants breached their duty to plaintiff.

94. As a result, Plaintiff suffered injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.   In favor of plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of plaintiff's Causes of Action;

B.   Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of plaintiff's Causes of Action;

C.   Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action;

D.   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:   23 September 2014
         New York, New York

                              _____/s/_____
                              Gregory Zenon, The Law Office of Gregory Zenon
                              30 Wall Street, 8th Floor
                              New York, New York 10005
                              212.380.8582
                              zenonlaw@yahoo.com
                              Attorney for Plaintiff